IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NGO LOVE, LLC, | ) |
|       Plaintiff, | ) |
| -vs- | ) Case No. CIV-21-338-F |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, | ) |
|       Defendant. | ) |

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The notice of removal alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The notice of removal alleges that plaintiff, NGO Love, LLC, is an "Oklahoma Limited Liability Company with its principle [sic] place of business in Yukon, Oklahoma." Doc. no. 1, ¶ 5. However, the citizenship of limited liability company is determined by the citizenship of all of its members. Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). The notice of removal therefore must identify each

of plaintiff's members and the state of citizenship for each of those members.[1] Further, defendant must trace the citizenship of plaintiff's members through "however many layers of members [] there may be." *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).[2]

Accordingly, the court **DIRECTS** defendant, Berkshire Hathaway Homestate Insurance Company, the party invoking diversity jurisdiction, to file a supplement to the notice of removal which supplies the missing jurisdictional information regarding plaintiff.[3] The supplement shall be filed no later than fourteen days from the date of this order. The missing jurisdictional information may be based upon defendant's information and belief.

---

[1] If a member of plaintiff is an individual, defendant must identify the individual's state of citizenship as opposed to the individual's state of residence. A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). If a member of plaintiff is a business entity, then defendant must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020); Wright & Miller, 13 Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[2] For example, if one of plaintiff's members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on. *Illustration:* Party A is an LLC. The citizenship of the members of an LLC are imputed to the LLC. Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged. The members of Party A are X and Y. X is an individual who is a citizen of Oklahoma. Y is another LLC (the second LLC). The members of Y are B and C. B is yet another LLC (the third LLC) and C is a corporation. The members of B are D and E. D is an individual who is a citizen of Texas. E is a partnership. The partners of E are F and G. F is an individual who is a citizen of Kansas. G is an individual who is a citizen of Arkansas. Corporation C (the second member of Y) is incorporated in Delaware and has its principal place of business in Florida. Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship). Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.

If defendant is unable to identify each of plaintiff, NGO Love, LLC's members and the state of citizenship for each of those members, defendant **SHALL** file a short notice so stating, in which case defendant **MUST** bring this issue to the court's attention at the status and scheduling conference.

Failure to comply with the court's directive may result in an order which is just, including the remand of the action to state court.

IT IS SO ORDERED this 14th day of April, 2021.

*/s/ SP Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0338p001.docx